In the Matter of the Claim of ABRAHAM GREENBERG, Respondent, against ALEXANDER Fox and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer and insurance carrier from an award in claimant's favor. On March 31, 1924, while engaged in his regular occupation claimant was injured and as a result sustained a bilateral inguinal hernia. Awards were made and paid and the case closed on August 20, 1924. Thereafter claimant suffered a recurrence of the original injury. The case was reopened, and on July 16, 1926, the carrier was directed to provide an operation for claimant, which it declined to do. The referee advised claimant to arrange for his own medical services. Apparently claimant was unable to do so. At a hearing held on December 29, 1927, speaking of claimant's case the referee said: "Send it to the closed files without prejudice. Tell him [claimant] that unless he goes and has somebody operate on him I have nothing to make the award on and nothing for the insurance company to appeal against and I can't do it." Claimant was operated on about August 14, 1934. On November 15, 1934, upon claimant's application, the case was reopened and subsequently the award was made which is the subject of this review. The sole question involved is whether the award should be made against the employer and carrier or against the Special Fund pursuant to section 25-a of the Workmen's Compensation Law. Award reversed, with costs against the State Industrial Board, and matter remitted for the purpose of making an award against the Special Fund. Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ., concur.

In the Matter of the Claim of WALTER KOLLER, Respondent, against HOOKER ELECTROCHEMICAL COMPANY and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer and insurance carrier from an award of $453 in claimant's favor representing a thirty-three and one-third per cent loss of use of the right thumb. The medical testimony supports the finding of the Industrial Board. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.

In the Matter of the Claim of CLEMENTINA BALDANTI, Respondent, against ANTONIO RISOLI and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Decedent was injured in 1928 and traumatic progressive encephalitis resulted. Also in 1934 while in a hospital he fell, developed cellulitis and pneumonia resulted. Physicians testified that the death was the direct result of the original accident. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.